## MORRIS *v.* MORRIS & CUMMINGS DREDGING Co. *et al.*

*(Circuit Court, S. D. New York.* May 13, 1889.)

CUMULATIVE EVIDENCE.

Where, in a suit for an infringement of a patent, one of defendants, a part owner with plaintiff in the patent, shows in his answer that he had admitted that his co-defendants used the patent under his license, evidence of admissions by him to the same effect is cumulative, and should be stricken out.

*In Equity.* Motion to strike out testimony.

The complaint averred invention by, and issue of letters patent to, defendant Collins, subsequent assignment by him to complainant of one-half interest therein, and infringement by defendant the Morris & Cummings Dredging Company without consent of either complainant or Collins. It further set forth that Collins was made a defendant because he refused to join as plaintiff. The answer of the dredging company attacked the validity of the patent, and set up license by Collins. Collins, who appeared by the same attorney, also answered that the dredging company was acting under his license. The case for complainant being closed, the defendant (against objection) proved the admission referred to in the opinion. Motion was duly made to strike out the testimony.

*Francis Forbes*, for complainant.

*A. G. N. Vermilya*, for defendants.

LACOMBE, J. It appears by the answer of defendant William Collins that subsequent to the beginning of this suit, and on December 22, 1888, at the city of New York, he admitted in the hearing of one I. T. Brown that the buckets made and used by his co-defendant were made and used by his consent. The evidence which plaintiff moves to strike out only shows that Collins, some time in February, 1889, admitted in the hearing of one Dudley W. Bain that the buckets so made and used were made and used by his consent. In the present state of the case one admission by the defendant Collins is as good as fifty. The evidence, therefore, is cumulative, and should be stricken out. It may be urged that the evidence is not cumulative, on the ground that the answer of Collins cannot be used as evidence in favor of his co-defendant. Whether or not it may be so used need not now be decided. The same arguments which might be presented against the use of the answer would apply with equal force to the evidence submitted; both are merely the admissions of a third party not subjected to cross-examination.